US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 16 2012

CHRIS R. JOHNSON, Clerk
By
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| TRENT BURNSIDE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 12-1025 |
| | § | |
| RAILSERVE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

*To the Honorable United States District Judge*:

Defendant Railserve, Inc. ("Railserve") files this Notice of Removal, pursuant to 28 U.S.C. § 1441.

1. Plaintiff Trent Burnside ("Plaintiff") initially brought this action against Railserve in the Circuit Court of Ashley County, Arkansas to recover damages for personal injuries allegedly sustained in an accident that took place on or about June 9, 2011. The case in state court was assigned Case No. CV 12-32-3. Plaintiff claims generally that he was injured while he was working as a "trainman" in the course and scope of his employment with Railserve.[1] He brought this action against Railserve pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). A copy of the complaint and summons filed in state court is attached as Exhibit A to this notice.

2. This notice of removal is based on the following analysis:

- There is complete diversity of citizenship between the parties, and this Court would have original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

---

[1] Railserve does not employ "trainmen." It employs locomotive operators, helpers and crew leaders. "Trainman" is a title used by the railroads. Railserve is an in-plant switching company, not a railroad.

- The Court has removal jurisdiction over this case pursuant to 28 U.S.C. § 1441.

- 28 U.S.C. § 1445(a) does not bar removal of the case to this Court because Plaintiff has no basis for an FELA claim against Railserve.

- Railserve is not a "common carrier by railroad" under the FELA.

3. Plaintiff is a citizen of Arkansas. Railserve is a corporation organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia. There is complete diversity of citizenship between the parties, and Plaintiff claims that the amount in controversy exceeds $75,000. As a result, this Court would have original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

4. Removal of the case to this Court is not barred by 28 U.S.C. § 1445(a). Under that section, when a plaintiff files an FELA case in state court, a defendant usually may not remove the case to federal court. However, an exception to this prohibition exists when "there is no basis for an FELA claim" and defendant can show that plaintiff's FELA claim is "merely a fraudulent device to prevent removal to the federal court." *Farmers Bank & Trust Co. v. Atchison Topeka & Sante Fe Railway Co.*, 25 F.2d 23, 27 (8th Cir. 1928); *see also Boyle v. Chicago, Rock Island & Pacific Railway Co.*, 42 F.2d 633, 634 (8th Cir. 1930); *Rainey v. Union Pacific Railroad Co.*, 2005 WL 1662049 (E.D.Mo. 2005). Plaintiff's claims against Railserve under the FELA in this case have no basis in law or in fact. Thus, removal is proper even though the possible effect might defeat the entire cause of action. *Farmers Bank & Trust Co., supra* at 27.

5. Railserve is not a common carrier by railroad within the meaning of the FELA. A common carrier is: "One who holds himself out to the public as engaged in the business of transportation of persons or property from place-to-place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to

2

260945-1

carry for all people indifferently, and hence is regarded in some respects as a public servant." *Kieronski v. Wyandotte Terminal Railroad Co.*, 806 F.2d 107 (6th Cir. 1986); *Kelly v. General Electric Co.*, 110 F.2d 4, 6 (E.D.Pa. 1953), *affirmed*, 204 F.2d 692 (3rd Cir. 1953), *cert. denied*, 346 U.S. 886 (1953).

6. Railserve provides rail switching services to Georgia-Pacific Corporation at its plant in Crossett, Arkansas pursuant to a Rail Car Handling Agreement between the parties. Railcars are delivered to the location by a railroad. Georgia-Pacific then provides information to Railserve about the movement of individual cars to different locations at the facility. Railserve moves and switches the cars on rails owned or leased by Georgia-Pacific. After cars are loaded, Railserve will either store the cars, or block and switch the cars, to make up a train that is picked up by a railroad for further handling. Railserve's operations are limited to tracks located on, or associated with the Georgia-Pacific facilities. At the time of the accident, Plaintiff was switching cars on the tracks when his arm was caught in a coupler.

7. Railserve does not transport persons or property from place-to-place for compensation. Its payment under the agreement with Georgia-Pacific is not dependent on whether the cars are full or empty. Railserve simply provides switching services to Georgia-Pacific to assist with Georgia-Pacific's in-plant operations. Railserve is not paid to move cargo for Georgia-Pacific, or for a railroad. Railserve does not offer its services to the public generally, and does not carry for all persons indifferently.

8. No railroad has an ownership interest in Railserve. It is not a party to any contract with a railroad relating to switching services at the Georgia-Pacific facility. Railserve's only customer for services at that location is Georgia-Pacific. Railserve is not paid a tariff, or an amount by a railroad or railcar owner to ship goods; Georgia-Pacific alone pays Railserve a flat

3

monthly fee under the agreement. Railserve does not perform track repair, car cleaning, car loading and unloading, or car repair at Georgia-Pacific.

9. The courts have held uniformly that a company that provides in-plant switching services is not a common carrier under the FELA. Indeed, two (2) courts have held that Railserve is not a common carrier by railroad subject to the FELA under similar circumstances. *Ashworth v. Railserve, Inc.*, 2010 WL 2172377 (Tex. App. – Beaumont 2010, no pet.)(mem.op); *Allen v. Railserve*, Inc., 2001 WL 1352323 (E.D.La. 2001). Other courts support that view. *See Iverson v. Southern Minnesota Beet Sugar Cooperative*, 62 F.3d 259 (8th Cir. 1995); *Kieronski v. Wyandotte Terminal Railroad Co.*, 806 F.2d 107 (6th Cir. 1987); *Mickler v. Nimishillen & Tuscarawas Railway Company*, 13 F.3d 184 (6th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994); *Sullivan v. Scoular Grain Company of Utah*, 930 F.2d 798 (10th Cir. 1991); *Aho v. Erie Mining Co.*, 466 F.2d 539 (8th Cir. 1972); *Mack v. East Camden & Highland Railroad Co.*, 297 F.Supp.2d 1052 (W.D. Tenn. 2003).

10. Railserve provides in-plant switching services to Georgia-Pacific at this location. It is not a common carrier by railroad subject to the FELA. As a result, Plaintiff's claims against Railserve based on the FELA have no basis in law or in fact, and this case may be removed to this Court based on the common law exception to 28 U.S.C. § 1445(a). There is an independent basis for federal jurisdiction of this case in 28 U.S.C. § 1332.

11. Railserve will serve this Notice of Removal on Plaintiff and will file a copy of it with the Clerk of the Circuit Court of Ashley County as required by 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Railserve prays that the Court give effect to this notice of removal, and assert jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted,

ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 377-0334
(501) 375-1309

_____
Amy Lee Stewart
Ark. Bar No. 88167
astewart@roselawfirm.com

**Attorneys for Defendant
Railserve, Inc.**

**Certificate of Service**

I, Amy Lee Stewart, do hereby certify that on this 15th day of March, 2012, the foregoing Notice of Removal was sent to the following by U.S. mail postage paid to:

Nelson G. Wolff, Esq.
Schlichter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102

Paul J. James
Robert James
James, Carter, Coulter, P.L.C.
500 Broadway
Little Rock, Arkansas 72203

_____
Amy Lee Stewart

260945-1