IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRENT BURNSIDE                                                                                    PLAINTIFF

V.                                        CASE NO. 1:12-CV-01025

RAILSERVE, INC.                                                                                  DEFENDANT

## ORDER

Before the Court is Plaintiff Trent Burnside's Motion to Remand and for Attorney's Fees and Costs. (ECF No. 11). Defendant has responded (ECF No. 16), and Plaintiff has replied. (ECF Nos. 20 & 21).[1] The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff was coupling a railcar to a locomotive on June 19, 2011 at the Georgia-Pacific plant in Crossett, Arkansas when the railcar and locomotive came together and crushed his arm. The arm was badly damaged—doctors had to amputate it below the elbow. Plaintiff was employed by Defendant when the accident happened, and on February 10, 2012, he filed suit against Defendant for negligence under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* Defendant removed the case to this Court on March 16, 2012, and Plaintiff moved a month later, on April 16, 2012, for the Court to remand the case to Ashley County Circuit Court. That motion is now before the Court.

## DISCUSSION

The parties do not seriously disagree that diversity jurisdiction exists in this case; Plaintiff is an Arkansan, Defendant is a Georgian, and Plaintiff's injuries appear to be worth

---

[1] The Court has also considered Plaintiff's Notice of Newly Discovered Facts. (ECF No. 24).

more than $75,000. Ordinarily, that would make the case removable to federal court. 28 U.S.C. § 1332(a) (providing federal jurisdiction where the parties are diverse and more than $75,000 is in controversy).

However, FELA claims like Plaintiff's are by statute irremovable. 28 U.S.C. § 1445(a). They are irremovable, that is, unless the allegations in a FELA complaint are "so baseless, colorable,[2] and false that the assertion thereof constitute[s] a fraud on the jurisdiction of the federal court." *Farmers' Bank & Trust Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 25 F.2d 23, 31 (8th Cir. 1928). Defendant argues that Plaintiff's allegations are fraudulent, and that jurisdiction thus lies properly in federal court. Therefore, the present motion turns on one question: "Are the allegations of the plaintiff's petition so baseless and colorable as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court?" *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 395 (8th Cir. 1935).

To keep the case in federal court, Defendant must shoulder the burden of proving that Plaintiff's allegations are a fraud. *Boyle v. Chicago, Rock Island & Pac. Ry. Co.*, 42 F.2d 633, 635 (8th Cir. 1930). Any doubts, therefore, "are to be resolved in favor of the plaintiff." *Id.* "If it is a fairly doubtful question as to whether or not [the allegation is fraudulent], then there [can] be no fraud in the plaintiff's complaint." *Geffers v. Chicago, Burlington & Quincy R.R. Co.*, 25 F.2d 774, 775 (D. Minn. 1928). "[D]efendant['s] burden of persuasion," then, "is a heavy one." *Lackey v. Atlantic Richfield Co.*, 990 F.3d 202, 207 (5th Cir. 1993). Defendant "must show that there is no possibility that plaintiff would be able to establish a cause of action." *Id.*

---

[2] In early-to mid-20th century cases, "colorable" carried not only a sense of plausibility or validity, but also a sense of deceptiveness and fraud. See *"colourable | colorable, adj.,"* OXFORD ENGLISH DICTIONARY, http://www.oed.com/view/Entry/36600#eid0 (last visited Sept. 26, 2012).

### I. What is a "common carrier"?

The controversial allegation in this case is Plaintiff's claim that Defendant is a "common carrier," a necessary part of a FELA claim. 45 U.S.C. § 51; *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). A common carrier is "one who operates a railroad as a means of carrying for the public…." *Iverson v. S. Minnesota Beet Sugar Coop.*, 62 F.3d 259, 262 (8th Cir. 1995) (quoting *Edwards v. Pac. Fruit Express Co.*, 390 U.S. 538, 540 (1968)). A common carrier:

> holds himself out to the public as engaged in the business of transportation of persons or property from place to place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant.

*Kieronski v. Wyandotte Terminal R.R. Co.*, 806 F.2d 107, 108 (6th Cir. 1986) (internal quotation omitted).

Among other considerations, courts faced with a common-carrier question look at whether the subject railroad: 1) actually performs rail service; 2) performs the service as a part of a service package for which a member of the public contracts; 3) performs the service under the common ownership of a company that *does* hold itself out to the public as a rail carrier; and 4) is paid for the service. *Iverson*, 62 F.3d 262–63 (quoting *Lone Star Steel Co. v. McGee*, 380 F.2d 640, 647 (5th Cir. 1967)). If all those considerations are met, that suggests that the subject railroad is a common carrier. Another way to decide the question is to find where the railroad fits in a four-category division consisting of: 1) in-plant facilities (which are *not* common carriers); 2) private carriers (which are *not* common carriers); 3) linking carriers (which *are* common carriers); and 4) in-plant operations that share common-carrier features (which *are* common carriers). *Kieronski*, 806 F.2d at 109.

In looking at the definitions and considerations above, two observations become pertinent to the present case. One, "[i]ndustries operating in-plant rail facilities for their own benefit and not operating transportation to the public for a fee are not considered common carriers." *Iverson*, 62 F.3d at 263. Nor are plant owners who offer in-plant services to plant lessees, even if the lessees pay the plant owner for the service. *Huntley v. Bayer MaterialScience, L.L.C.*, 452 Fed. Appx. 453, 454–55 (5th Cir. 2011). And two, "[t]here is difficulty ofttimes in determining whether a party is [a common carrier] and each case is governed largely by its particular facts." *Farmers' Bank*, 25 F.2d at 29.

## II. Whether Defendant is a common carrier

Turning to the facts at hand, the Court finds that Defendant's carrier status is too much in dispute to label Plaintiff's assertion a fraud. Defendant claims that, at the place Plaintiff was hurt, it provides only in-plant switching services. It denies that it loaded or unloaded cars or transported cargo for Georgia Pacific or for any other railroad. It also denies being paid to ship goods.

Plaintiff, though, claims that a web of corporate relations—albeit a complicated one, as the Court sees it—ties Defendant to Georgia Pacific and to entities that plainly are common carriers. Plaintiff further notes that Defendant employs many workers qualified for railroad positions, and that Defendant is well connected to members of various railroad associations and groups.

In short, Defendant makes a narrow argument, and Plaintiff makes a wide one. Both arguments have merit. On the one hand, "[w]hether a transportation agency is a common carrier depends not upon its corporate character or declared purposes, but upon what it does." *Lone Star Steel Co.*, 380 F.2d at 648 (quoting *United States v. California*, 297 U.S. 175, 181 (1936)). On

the other hand, an entity's corporate clothing is not irrelevant. The *Lone Star Steel Co.* defendant ultimately lost on the basis of its corporate structure. *Kiernoski*, 806 F.2d at 109 ("Lone Star became, in effect, part of the common carrier by virtue of Lone Star's ownership of the common carrier, combined with Lone Star's performance of the common carrier's duties.").

The parties' positions are each reasonable enough and at odds enough to preclude saying that Plaintiff's common-carrier allegation is a fraud and a ruse. This is backed up by the split among courts that have considered Defendant's status. Two courts have found Defendant not to be a common carrier: *Ashworth v. Railserve, Inc.*, No. 09-09-00187-CV, 2010 WL 2172377 (Tex. Ct. App. May 27, 2010); and *Allen v. Railserve, Inc.*, No. CIV. A. 00-3135, 2001 WL 1352323 (E.D. La. Oct. 31, 2001). Another, however, *has* found Defendant to be a common carrier. *Benavidez v. Burlington N. Santa Fe Corp.*, No. G-07-00105, Doc No. 131, at 17–18 (S.D. Tex. Apr. 29, 2008).

It is "a fairly doubtful question as to whether or not" Defendant is a common carrier. *Farmers' Bank*, 25 F.2d at 29. Accordingly, "there could be no fraud on the part of plaintiff in so pleading." *Id.* The question whether Defendant is a common carrier is an open one. The particular facts governing the question need tending and careful attention. That attention is not proper at so early a point in the case, and the need for it only goes to show that Plaintiff cannot be taken to have pleaded the allegation fraudulently.

## CONCLUSION

For the above reasons, the Court finds that Defendant has not shouldered the heavy burden of showing that "there is no possibility that plaintiff would be able to establish a cause of action." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). The Court is not convinced that Plaintiff's FELA claims "must be regarded as so baseless and colorable as to

constitute a fraudulent attempt to defeat the jurisdiction of a federal court." *Farmers' Bank*, 25 F.2d at 29. In the absence of fraudulent pleading, this FELA case must be heard in state court. 28 U.S.C. § 1445(a). Accordingly, Plaintiff's Motion to Remand (ECF No. 11) should be and hereby is **GRANTED**. This case is hereby **REMANDED** to Ashley County Circuit Court for further proceedings.

The Court does not find an award of fees under 28 U.S.C. § 1447(c) warranted. Defendant did not lack "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, Plaintiff's Motion for Attorney's Fees (ECF No. 11) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 23rd day of October, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge