IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRENT BURNSIDE                                                                                      PLAINTIFF

V.                                          CASE NO. 1:12-CV-01025

RAILSERVE, INC.                                                                                    DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Reconsider. (ECF No. 28). Plaintiff has responded. (ECF No. 29). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

Plaintiff filed this suit in state court alleging that Defendant's negligence is to blame for Plaintiff's severe arm injury. The suit was brought under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, under which cases brought in state court are irremovable to federal court unless the allegations in the complaint are "so baseless, colorable, and false that the assertion thereof constitute[s] a fraud on the jurisdiction of the federal court." *Farmers' Bank & Trust Co. v. Atchison, Topeka & S.F. Ry. Co.*, 25 F.2d 23, 31 (8th Cir. 1928). Defendant removed the case to this Court claiming that Plaintiff's allegation that Defendant is a common carrier under the act is just such a claim.

Plaintiff moved to remand the case, and the Court granted that request, noting that there is enough argument on both sides of the common-carrier question to preclude the Court from labeling Plaintiff's common-carrier allegation a fraud and a ruse. (ECF No. 25). The Court noted in its order that it considered Plaintiff's supplemental notice in this case (ECF No. 24) and an order in a Texas case, *Benavides v. B.N.S.F. Corp.*, No. G-07-00105, Doc. No. 131 (S.D. Tex.

Apr. 29, 2008), in deciding that Defendant's common-carrier status was unsettled. Defendant now moves the Court to reconsider that decision to the extent those considerations were "significant factors" in its decision.

Plaintiff's supplemental notice consisted mostly of various articles allegedly calling into question Defendant's common-carrier status. (ECF No. 24). The Court, as noted, considered that supplemental notice, but the notice was not a significant factor—or even a minor one—in the Court's decision. In stating that it considered the notice, the Court was merely indicating that it read the notice. The Court's order does not cite to the notice for any argument, and the order's references to Plaintiff's argument were plainly to arguments raised in Plaintiff's substantive remand pleadings.

The Court cited to the *Benavides* case for the proposition that at least one court had found Defendant to be a common carrier under FELA. Defendant now rightly notes that the *Benavides* order to which the Court cited was later vacated. *Benavides*, Doc. No. 138. The *Benavides* order was a factor in the Court's decision, but without it the Court's decision would have been the same. The point of the *Benavides* order was not that the Court agreed with it, or even that it was a final decision on the issue, but rather that Defendant's common-carrier status was questionable enough that a court *could* decide, even at the summary judgment stage, and even if its opinion later changed, that Defendant is a common carrier. Indeed, the vacillation in the *Benavides* court's opinion only goes to show that Defendant's status is not so settled as to make Plaintiff's allegation a fraud.

## CONCLUSION

While the Court appreciates Defendant holding it to the facts, for the above reasons the Court finds that Defendant's Motion for Reconsideration (ECF No. 28) should be and hereby is

**DENIED**. The Court was not misled on the technical nuances of the sources Defendant finds troubling, and accordingly the sources worked no defect in the Court's remand order. (ECF No. 25).

IT IS SO ORDERED, this 17th day of December, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge
